IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 4:07CV0143 |
| Plaintiff, | ) ) ) | JUDGE ECONOMUS |
| v. | ) ) ) | COMPLAINT AND JURY TRIAL DEMAND |
| HOME DEPOT U.S.A., INC., | ) ) ) | |
| Defendant. | ) ) ) ) | MAG. JUDGE GALLAS |

### NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to provide appropriate relief due to employees as a result of such unlawful practices.

1

As described in more detail in the Statement of Claims below, the Commission alleges that Home Depot U.S.A., Inc. paid its female employee Connie L. Kolarik, at wage rates which are less than the rates paid to its male employees performing substantially equal work, and otherwise discriminates against female employees because of their sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 as codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f) (1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c) and Section 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217 as amended by Section 1 of the Reorganization Plan No. 1 of 1978,

92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f) (1) and (3) of Title VII 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Home Depot U.S.A., Inc. (the "Employer") has continuously been a Delaware corporation doing business in the State of Ohio and the City of Boardman and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Section 3(b), (i) and (j) of the FLSA, 29 U.S.C. § 203 (b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to institution of this lawsuit, Connie L. Kolarik filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this suit has been fulfilled.

3

9. Since at least July 25, 2005, Defendant Employer engaged in unlawful employment practices at its Boardman, Ohio facility in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

    a. In July of 2005 Connie L. Kolarik was promoted to a Professional Sales position on the contractor's desk after having worked at Defendant for over a year.

    b) Soon after beginning work in Professional Sales, Ms. Kolarik discovered that her wages were substantially lower than the male Professional Sales employees for the performance of the same work.

    c) As a result of the acts complained of above, Defendant Employer has unlawfully withheld and is continuing to withhold the payment of wages to Connie L. Kolarik because of her sex, female.

10. The effect of the practice(s) complained of in paragraph 9, above, has been to deprive Connie L. Kolarik of equal employment opportunities and to otherwise adversely affect her status as an employee due to impermissible considerations of her sex, female.

11. The unlawful practices complained of above were willful and intentional.

12. The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Connie L. Kolarik.

4

## STATEMENT OF EQUAL PAY ACT CLAIMS

13. Since at least on or about July 25, 2005, Defendant Employer has violated Sections 6(d)(1) and 15(a) (2) of the FLSA, 29 U.S.C. §§ 206 (d)(1) and 215 (a)(2), by paying wages to Connie L. Kolarik at rates less than the rates paid to male employees.

   a. In July of 2005 Connie L. Kolarik was promoted to a Professional Sales position after working at Defendant for over a year.

   b. Soon after beginning work in Professional Sales, Ms. Kolarik discovered that her wages were substantially lower than the male Professional Sales employees for the performance of work that required equal skill, effort and responsibility and which was performed under similar working conditions.

14. As a result of the acts complained of above, Defendant Employer has unlawfully withheld and is continuing to withhold the payment of wages due to Connie L. Kolarik.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which discriminate on the basis of sex.

B. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from

discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates which it pays to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.

    C.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of sex and which eradicate the effects of its past and present unlawful employment practices.

    D.    Order Defendant Employer to make whole Connie L. Kolarik, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    E.    Order Defendant Employer to make whole Connie L. Kolarik by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, backpay and front pay in amounts to be proven at trial.

    F.    Order Defendant Employer to make whole Connie L. Kolarik, by providing compensation for past and future pecuniary losses, in amounts to be proven at trial.

    G.    Order Defendant Employer to make whole Connie L. Kolarik by providing compensation for non-pecuniary losses in amounts to be proven at trial.

H. Grant an Order assessing punitive damages against Defendant Employer for its malicious and reckless conduct described herein above in amounts to be determined at trial.

I. Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Connie L. Kolarik and other similarly situated individuals.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
Washington, D.C.

*Jacqueline McNair*
Jacqueline McNair
Regional Attorney
Philadelphia District Office
Philadelphia, PA 19106

_C. Larry Watson_
C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov


_Donna Williams-Alexander_
Donna Williams-Alexander
Senior Trial Attorney
Registration No. 0037838
donna.williams-alexander@eeoc.gov


EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Office Building
1240 East Ninth Street   Suite 3001
Cleveland, Ohio  44199
(216) 522-7454
(216) 522-7430 fax